IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

DEBRA WEAVER, et al.,   )
                        )
      Plaintiffs,      )
                        )
v.                      )   CIV-16-1230-R
                        )
LEGEND SENIOR LIVING, LLC,   )
and TIM BUCHANAN,       )
                        )
      Defendants.      )

# ORDER

Defendant Legend Senior Living, LLC filed a Motion for Partial Dismissal of Plaintiff's Amended Petition (Doc. No. 10), addressing the claims of Plaintiff Kristi Sanders. Defendant contends that her claims under the Fair Labor Standards Act ("FLSA") are time barred. The FLSA has a two-year statute of limitations period for violations, which extends to three years for willful violations of the statute. 29 U.S.C. § 255(a). Plaintiff alleges her termination occurred in August 2013, and Plaintiffs initiated this action in October 2016. Thus, Defendant argues, Plaintiff Sanders' claims are clearly barred. Plaintiff objects to the motion and alternatively requests leave to amend to plead facts in support of her contention that her FLSA claims are timely. Having considered the parties' submissions, the Court finds as follows.

An expired statute of limitations is an affirmative defense that a defendant may raise via motion to dismiss under Rule 12(b)(6) when "the defense appears plainly on the face of the complaint itself." *Miller v. Shell Oil Co.*, 345 F.2d 891, 893 (10th Cir. 1965). The parties agree that the longest potentially applicable statute of limitations period is three

years, and Plaintiff does not dispute the timeline set forth by Defendant. Rather, she contends that because Defendant presented her with a severance agreement that illegally purported to waive any FLSA claim she might have, that she is entitled to equitable tolling of the statute of limitations period. She alternatively contends that due to its actions with regard to the release contained in the severance agreement, the Court should estop Defendant from asserting a statute of limitations defense.

> Equitable tolling "is appropriate only where the circumstances of the case rise to the level of active deception ... where a plaintiff is lulled into inaction by [his] past employer, state or federal agencies, or the courts." *Hulsey v. Kmart, Inc.*, 43 F.3d 555, 557 (10th Cir.1994) (internal quotation marks omitted). Equitable tolling will not apply "unless an employee's failure to timely file results from either a deliberate design by the employer or actions that the employer should unmistakably have understood would cause the employee to delay filing his charge." *Id*. (internal quotation marks omitted). Similarly, "it is generally accepted that when an employer misleads an employee regarding a cause of action, equitable estoppel may be invoked." *Donovan v. Hahner, Foreman & Harness, Inc.,* 736 F.2d 1421, 1427 (10th Cir.1984). "Courts may evaluate whether it would be proper to apply such doctrines, although they are to be applied sparingly." *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113, 122 S.Ct. 2061, 153 L.Ed.2d 106 (2002).

*Benton v. Town of S. Fork & Police Dep't*, 553 F. App'x 772, 779–80 (10th Cir. 2014). Plaintiff pled no facts in the Amended Petition that would support the application of either equitable tolling or equitable estoppel. As noted, she requests leave to amend to permit her to do so.

Although leave to amend shall be freely given, the Court need not grant leave in the event amendment would be futile. The Court concludes that even assuming the release provision in the severance agreement was invalid with regard to Plaintiff's FLSA claims, she would not be entitled to equitable relief from the running of statute of limitations. The

2

misrepresentation about which Plaintiff complains is not a misrepresentation of fact. Rather, it is a misrepresentation of the law, specifically that she could not pursue her FLSA claims because such claims were subject to the release, which was not legally correct. "Although [Plaintiff] may have been misled by the presentation of an invalid release, this did not cause [her] late filing because [she], like everyone, has access to the law." *Ruehl v. Viacom, Inc.*, 500 F.3d 375, 384 (3rd Cir. 2007)(citing *Utah Power & Light Co. v. Fed. Ins. Co.*, 983 F.2d 1549, 1556 (10th Cir. 1993)("[N]o one can be deceived by a misrepresentation of law because everyone has access to the law. . . ."). Furthermore, a delay of more than three years makes a finding of diligence by Plaintiff difficult to accept. Accordingly, the Court hereby GRANTS the Motion to Dismiss file by Defendant Legend Senior Living (Doc. No. 10) with regard to Plaintiff Kristi Sanders' claims. The Court GRANTS the Motion to Dismiss filed by Defendant Buchanan (Doc. No. 25) on this same basis.

**IT IS SO ORDERED** this 27th day of March 2017.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE