## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **DEBRA WEAVER, DONNA** | ) | |
| **KILGORE, CHRIS TOWNSEND,** | ) | |
| **SHELLY JONES, CINDY DIMIT,** | ) | |
| **KAREN WALKER, ANDRE** | ) | |
| **HENDERSON, RODNEY NESBITT,** | ) | |
| **CATHY COOVER, BOUCHAID** | ) | |
| **KBABRA, KIM PRAYTOR, TONYA** | ) | |
| **HODGES-HARRIS, TERESA** | ) | |
| **OOTEN, SCOTT SLEMP, LORI** | ) | |
| **WIELAND, VALERIE MORRISON** | ) | |
| **and all other persons similarly** | ) | |
| **situated, known and unknown,** | ) | **Case No: CIV-16-1230-R** |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **LEGEND SENIOR LIVING, LLC,** | ) | |
| **and TIM BUCHANAN,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## DEFENDANTS LEGEND SENIOR LIVING AND TIM BUCHANAN'S MOTION FOR PARTIAL DISMISSAL OF PLAINTIFFS' SECOND AMENDED COMPLAINT, WITH BRIEF IN SUPPORT

Defendants, Legend Senior Living, LLC ("LSL") and Tim Buchanan (referred to jointly herein as "Defendants") hereby move the Court to dismiss the First, Third, Seventh and Eighth causes of action from Plaintiffs' Second Amended Complaint (referred to herein as the Second Amended Complaint or "SAC") pursuant to Fed. R. Civ. P. 12(b)(6). As illustrated below, the First Cause of Action should be dismissed because the facts alleged do not state a violation of the FLSA; the Third Cause of Action should be dismissed because there is no cognizable claim for failure to pay overtime under

Oklahoma law; the Seventh Cause of Action should be dismissed because the documents that Plaintiffs have attached show that the facts alleged do not state a claim for breach of contract in general, and in addition, that the claims cannot apply to plaintiffs Ooten and Slemp; and the Eighth Cause of Action should be dismissed because it is pre-empted by the FLSA and because it is duplicative of the claims already alleged under the Fair Labor Standards Act ("FLSA").

In further support of its Motion, Defendants show the Court as follows:

## FACTUAL AND PROCEDURAL BACKGROUND

On October 4, 2016, seventeen Plaintiffs filed a purported collective action under the FLSA against LSL in the District Court of Oklahoma County alleging that LSL violated the FLSA and Oklahoma public policy. (Dkt. 1, Exhibit 1, Petition). On October 25, 2016, LSL filed a Notice of Removal with this Court. (Dkt. 1). On October 29, 2016, Plaintiffs filed an Amended Petition with this Court, naming Tim Buchanan as an additional Defendant. (Dkt. 6).  On March 27, 2017, this Court granted Defendants' partial motions to dismiss the claims brought by Kristi Sanders without leave to amend based on her claims being barred by the applicable statute of limitations.  (Dkt. 36).  On April 18, 2017, Plaintiffs filed a Second Amended Complaint, (Dkt. 40), which reorganized and clarified Plaintiffs' FLSA claims and added various state causes of action.

As alleged in the SAC, Plaintiffs, who are all former LSL employees, claim that LSL improperly classified them as exempt, either because LSL withheld what Plaintiffs term "non-discretionary bonuses" (which Plaintiffs contend violates the salary-basis

2

requirement that is applied to some white-collar exemptions under the FLSA) or because the Plaintiffs did not perform exempt duties.  Plaintiffs contend they are entitled to overtime compensation for all hours worked in excess of 40 in a workweek.  Plaintiffs seek damages pursuant to the FLSA, 29 U.S.C. § 216.  Plaintiffs also assert a claim for violation of the Oklahoma Protection of Labor Act, 40 Okla. Stat. § 165. 1, et seq. ("OPLA") and assert a state common law claim of quantum meruit/unjust enrichment, both also based on the alleged failure of LSL to pay overtime for all hours worked over 40 in a workweek.  Plaintiffs also bring a claim for breach of contract based on what Plaintiffs say is a failure to pay Plaintiffs bonuses that were due them.  Plaintiffs base their bonus claims on allegation that LSL improperly changed "the bonus structure mid-year instead of waiting until the end of the year as dictated by the terms of the nondiscretionary bonus."   (SAC ¶ 317).   Plaintiffs attach what they call the "nondiscretionary bonus" as Exhibit 1 to the SAC.  (SAC ¶ 317).

## ARGUMENT AND AUTHORITY

### I.     Plaintiffs' First Cause of Action for Violation of the FLSA Based on Failure to Pay Exempt Employees on a Salary Basis Fails as a Matter of Law

Plaintiffs allege that plaintiffs Weaver, Dimit, Wieland, Ooten, Morrison, Kilgore, Slemp, Praytor, Hodges-Harris, and Jones were improperly classified as exempt based solely on the failure to pay them on a salary-basis.  They claim that (1) they were paid a salary together with a nondiscretionary bonus, (2) LSL denied one or more of these bonuses, and (3) this denial acted as a "improper deduction . . . from wages causing the loss to the Defendants of the FLSA exemption" for these plaintiffs and all others

similarly situated.  (SAC ¶ 48, 62, 87, 99, 109, 115, 123, 138, 147, 158, 165).  Count One

of Plaintiffs' SAC is based on Defendants' alleged "failure to pay the earned bonuses" for

these employees.  (SAC ¶ 277-279).

Preliminarily, it is important to note that Plaintiffs are confusing two separate

portions of the regulations that implement the FLSA in coming to the conclusion that a

failure to pay a non-discretionary bonus (as defined by the regulations) equates to a

deduction from salary.  Throughout their SAC, Plaintiffs refer to "non-discretionary

bonuses."  Plaintiffs cite to 29 C.F.R. §778.211(c) for the proposition that non-

discretionary bonuses are deemed to be part of "regular wages" and the "regular rate of

pay."  (SAC ¶ 48.)  However, Plaintiffs are mixing and matching regulations applying to

two separate portions of the workforce -- those applying to non-exempt employees who

must be paid overtime at the rate of one-and-a-half their "regular rate of pay" and those

applying to employees who are exempt from the overtime rules.

The regulations found in 29 C.F.R. § 778, including section 778.211(c) relating to

nondiscretionary bonuses (cited by Plaintiffs), are the "official interpretation of the

Department of Labor with respect to the meaning and application of the maximum hours

and overtime pay requirements contained in section 7 of the Act."  29 C.F.R. § 778.1.  As

specifically stated in 29 U.S.C. § 213(a)(1), the minimum wage (29 U.S.C. § 206) and

maximum hours (29 U.S.C. § 207) requirements of the FLSA do not apply to employees

classified as exempt in an executive, administrative, professional or outside sales

position.  Instead, the regulations cited by Plaintiffs apply only to the calculation of the

"regular rate of pay" for employees who are classified as non-exempt.  Thus, any reliance

4

by Plaintiffs on regulations found in 29 C.F.R. § 778 to infer what may or may not be a proper deduction for exempt employees is misguided. The regulations pertinent to exempt employees are found in 29 C.F.R. § 541.

To be covered by an executive, administrative, professional or outside sales exemption, employees must meet a duties test that is set forth in the regulations promulgated by the Department of Labor ("DOL"). 29 C.F.R. §§ 541.100(a)(2), 541.200(a)(2), 541.300(a)(2), 541.500(a)(2). Employees classified as exempt based on the executive, administrative and professional exemptions must also meet a "salary basis" test. 29 C.F.R. §§ 541.100(a)(1), 541.200(a)(1), 541.300(a)(1).

Assuming for purposes of this motion, as Defendants must, that all of the Plaintiffs who are alleged to be part of the "changed status class" were required to be paid on a salary-basis, Plaintiffs' First Cause of Action still fails as a matter of law. An employer is allowed to deduct from an employee's bonus without impacting the salary-basis on which that employee is paid. WH OP. Ltr. FLSA2006-24NA, 2006 WL 4512966 (Nov. 3, 2006). As the DOL has stated: "[t]he prohibition against improper deductions from the guaranteed salary under 29 C.F.R. § 541.602(b) does not extend to any such additional compensation provided to exempt employees." *Id.*

In *Havey v. Homebound Mortg., Inc.,* 547 F.3d 158, 165 (2nd Cir. 2008), the court reviewed an overtime claim by a mortgage underwriter who claimed that the employer's pay system violated the salary-basis test, making her a non-exempt employee. The underwriter was paid a predetermined salary of $48,000.00, a portion of which could be adjusted quarterly as an incentive payment designed to cause the underwriters to take on

larger quantities of work and to maintain quality standards.  *Id.* at 165-166.   The

underwriter argued that because the quarterly incentive payment was subject to

deductions for quality errors, she was not paid on a salary-basis, and therefore should

have been classified as non-exempt.  *Id.*  The court rejected this argument, finding that it

was entirely proper to take deductions from any additional compensation provided

through the incentive payment, so long as the employee was guaranteed at least the

minimum salary amount under the Act, and that portion was not subject to deduction.  *Id.*

As the court stated:

> the fact that her overall compensation for that quarter could
> be decreased due to quality errors does not render Havey a
> non-salaried employee if, under the employer's policy, the
> adjustments do not affect a "predetermined amount" portion
> of salary exceeding the regulatory threshold rate and only
> impacts the size of the increase above this amount. *See* 29
> C.F.R. § 541.118(a) (noting that any employee who
> "regularly receives each pay period ... a predetermined
> amount constituting all or part of his compensation, which
> amount is not subject to reduction because of variations in the
> quality or quantity of the work performed" is considered an
> employee paid "on a salary basis").

*Id.* at 165.  Here, Plaintiffs do not allege that any amount was ever deducted from their

regular salaries.  (SAC ¶ 48, 62, 87, 99, 109, 115, 123, 138, 147, 158, 165, 273-284).

Instead, the only allegation is that "Defendants' refusal to pay non-discretionary bonuses

demonstrates that they did not intend to pay a salary."  (SAC ¶ 282.)  Because the failure

to pay a bonus does not defeat the salary-basis, Plaintiffs' Count 1 for "Violation of the

FLSA Failure to Pay on a Salary Basis" fails as a matter of law and should be dismissed

with prejudice.

## II.   Plaintiffs' Third Cause of Action for Violation of Oklahoma's Protection of Labor Act, 40 O.S. § 161, *et seq.* Fails as a Matter of Law

Plaintiffs' state law wage claim under Oklahoma's Protection of Labor Act fails as a matter of law.  Plaintiffs allege that the "Oklahoma Protection of Labor Act requires payment of one and one-half times the employee's regular rate for each hour worked per week over 40 hours."  (SAC ¶ 293-298).  However, Plaintiffs do not cite to a statutory or regulatory source for this proposition.  In fact, no such source exists.

Oklahoma has no state laws governing the payment of overtime for private employees. Compliance with federal regulations regarding the payment of premium overtime is a matter of federal law governed by the regulations of the U.S. Department of Labor.   Okla. Admin. Code § 380:30-1-8.   Neither the OPLA itself nor case law construing the Act attempts to define what constitutes "overtime" under Oklahoma law. *Price v. Pub. Serv. Co. of Okla.*, 2014 WL 1217962, at *5 (N.D. Okla. Mar. 24, 2014).  A plaintiff cannot use OPLA to enforce obligations created by the FLSA.  *Id.* at *6.

As the Tenth Circuit court has specifically found, there is "no Oklahoma constitutional, statutory or decisional law which would require an employer . . . to pay overtime compensation to its employees."  *McKenzie v. Renberg's Inc.*, 94 F.3d 1478, 1487 (10th Cir. 1996).  As the 10th Circuit explained:

> [t]he absence of any Oklahoma law on this subject is underscored by the fact that although the Oklahoma legislature has adopted the federal standards for minimum wages, *see* Okla. Stat. tit. 40 § 197.2 (making it unlawful for an employer in Oklahoma to "pay any employee a wage of less than the current federal minimum wage for all hours worked"), it has not adopted the FLSA standards governing maximum hours and overtime, *see* 29 U.S.C. § 207.

*Id.*  In fact, the only reference to "overtime" in Oklahoma's statutory scheme is in the definitions section of Act.  It defines the term "wages" as "compensation owed by an employer to an employee for labor or services rendered, including salaries, commissions, holiday and vacation pay, *overtime pay*, severance or dismissal pay, bonuses and other similar advantages agreed upon between the employer and the employee . . . ." Okla. Stat. tit. 40 § 165.1(4) (emphasis added). This mere reference to overtime does not create an obligation, outside the FLSA or employer policies or practices, to pay overtime. *McKenzie*, *supra,* 94 F.3d at 1488.  Nowhere does the section "prescribe a limit for maximum working hours" or "set forth a specific formula for calculating overtime pay." *Id.*; *see also Price*, *supra*, 2014 WL 1217962 at *5 (dismissing an OPLA claim for overtime compensation due to the absence of any state law requirement to pay overtime).

Because Oklahoma law does not contain a requirement to pay overtime, Plaintiff's Count 3 for violation of Oklahoma's Protection of Labor Act fails as a matter of law and should be dismissed with prejudice.

## III.   Plaintiffs' Seventh Cause of Action for Breach of Contract Fails As a Matter of Law

Plaintiffs' Seventh Cause of Action brought by Plaintiffs Weaver, Dimit, Wieland, Ooten, Morrison, Kilgore, Slemp, Praytor, Hodges-Harris and Jones alleges a breach of contract for failure of LSL to pay what Plaintiffs term a "nondiscretionary bonus."  (SAC ¶ 316-319).  Plaintiffs claim that (1) LSL attempted to make changes to a bonus plan in March 2015, (2) that the terms of the bonus structure in place prior to March 2015 did not allow changes mid-year, and (3) these attempted changes (which Plaintiffs claim were

ineffective) caused LSL to either fail to pay a bonus at all or to pay the bonus at a lower level than would have been required under the pre-March 2015 structure.  (SAC ¶ 63, 87, 99, 109, 115, 123, 138, 147, 158, 165, 317-319).   Although not explicitly stated in the SAC, inherent in Plaintiffs' breach of contract claim is the allegation that the pre-March 2015 bonus plan that Plaintiffs have attached to their SAC formed the basis of the contract that Plaintiffs claim was breached.

The breach of contract claim fails as a matter of law because (1) the bonus plan Plaintiffs rely on was not contractual in nature and (2) even if it were contractual in nature, the documents attached to the SAC show that LSL reserved the right to change the bonus structure, without having to wait until the next fiscal year.  Further, this claim fails as a matter of law for Plaintiffs Ooten and Slemp because, as alleged in the Complaint, these individuals left their employment before March 2015 and therefore, would not have been affected by any changes that Plaintiffs allege constituted the breach of contract.

### A.      The Court Can Consider the Exhibits Plaintiffs Attached in Ruling on Defendants' Motion to Dismiss

"In evaluating a Rule 12(b)(6) motion to dismiss, courts may consider not only the complaint itself, but also attached exhibits."  *Smith v. U.S.,* 561 F.3d 1090, 1098 (10th Cir. 2009), citing *Indus. Constructors Corp. v. U.S. Bureau of Reclamation*, 15 F.3d 963, 964–65 (10th Cir. 1994); *see also Joslin v. S'holder Servs. Grp.,* 948 F. Supp. 627, 629 (S.D. Tex. 1996) ("In considering whether to grant a motion to dismiss, a court considers the allegations in the complaint, as well as any attached exhibits"); *Burch v. Apalachee*

*Cmty. Mental Health Servs., Inc.*, 840 F.2d 797, 798 (11th Cir. 1988); 5A Wright & Miller, Federal Practice and Procedure § 357 (1990); *Case v. State Farm Mut. Auto. Ins. Co.*, 294 F.2d 676, 676–77 (5th Cir. 1961) (dismissing complaint based on written contract attached to complaint as an exhibit); *Morse, LLC v. United Wis. Life Ins. Co.*, 356 F. Supp. 2d 1296 (S.D. Fla. 2005).

**B.      The Pre-2015 Bonus Plan Was Not Contractual in Nature, Meaning Plaintiffs Cannot State A Claim for Breach of Contract.**

To recover on a breach of contract theory, a plaintiff must prove: 1) formation of a contract; 2) breach of the contract; and 3) damages as a direct result of the breach. *Digital Design Grp., Inc. v. Info. Builders, Inc.*, 24 P.3d 834, 843 (Okla. 2001).  Here, Plaintiffs allege that LSL breached a contract by changing the terms of a bonus plan in March 2015.  (SAC ¶ 317-319).  Thus, Plaintiffs are clearly claiming that the pre-March 2015 bonus plan was contractual in nature.  However, the documents Plaintiffs have attached to their SAC clearly show otherwise.

An employer's policy document can only form the basis of a contract between an employer and employee if the promises are "in definite terms, not in the form of vague assurances."   *Cooper v. Matrix Serv. Co.*, 2014 WL 7243265, at *10 (N.D. Okla. Dec. 19, 2014), citing *Russell v. Bd. of Cnty. Comm'rs, Carter Cnty.*, 952 P.2d 492, 501–02 (Okla. 1997) (policies may be the basis for an implied contract but only if promises are in definite terms).  An employer's disclaimer that a policy creates any additional agreement between the employer and employee is effective to avoid the formation of a contract.

*Cooper*, 2014 WL 7243265, at *10, citing *Bowen v. Income Producing Mgmt. of Okla.*, 202 F.3d 1282, 1285 (10th Cir. 2000).

The bonus plan on which Plaintiffs base their breach of contract claim was attached to an offer of employment letter (See SAC, Exhibit 1, page 1) which made clear that nothing provided to the employee was meant to constitute a contract regarding the terms or duration of employment:

> In accepting our offer of employment, you certify your understanding that your employment will be on an at-will basis and that neither you nor any Company representatives have entered into a contract regarding the <u>*terms*</u> or duration of your employment.

SAC at Exhibit 1, page 1, ¶ 4, emphasis added.   Because the attached offer letter specifically disclaimed that anything provided to the plaintiff created a contract regarding the terms of the plaintiff's employment, the bonus plan provided with the offer letter (SAC at Exhibit 1, page 2) cannot form the basis for a breach of contract claim.  As such, Plaintiffs' breach of contract claim should be dismissed.

### C. Plaintiffs Cannot State a Claim For Breach of Contract Because LSL Reserved the Right To Change the Bonus Plan Without Waiting For the Next Fiscal Year

While Defendants deny that the bonus document attached to Plaintiffs' SAC at page 2 of Exhibit 1 formed a contract between LSL and Weaver or any other Plaintiff, to the extent this Court disagrees, Plaintiffs' breach of contract claim should still be dismissed based on the language in the attached document itself.  A written contract governs the rights and obligations of the contracting parties under Oklahoma law. *Renberg v. Zarrow*, 667 P.2d 465, 471 (Okla. 1983). The interpretation of a written

contract is a matter of law that should be decided by the Court.  *Leisure Hospitality, Inc. v. Hunt Properties, Inc.*, 2011 WL 2160498 at *6 (N.D. Okla. June 1, 2011), citing *S. Corr. Sys., Inc. v. Union City Pub. Sch.*, 64 P.3d 1083, 1087 (Okla. 2002); *Pub. Serv. Co. of Okla. v. Burlington N. R.R. Co.*, 53 F.3d 1090, 1096 (10th Cir. 1995).  The language of a contract is to be given its plain and ordinary meaning.  *See* 15 O.S. § 160 ("The words of a contract are to be understood in their ordinary and popular sense"); *Pitco Prod. Co. v. Chaparral Energy, Inc.*, 63 P.3d 541, 546 (Okla. 2003) (holding that contractual language is to be given its plain and ordinary meaning); *Tidal Oil Co. v. Roelfs*, 187 P. 486, 487 (Okla. 1920) (holding contractual language is to be understood by the grammatical and logical use of the words, phrases, and clauses used in the contract); *James v. Beckwith*, 805 P.2d 117, 119–120 (Okla. Civ. App. 1990) (same).

The bonus document attached to the SAC (Exhibit 1, page 2) is clear on its face that LSL had the authority to change the terms of LSL's bonus programs.  It reads, "Legend Senior Living reserves the right to review and make alterations to the bonus programs prior to the next fiscal year."  In their SAC, Plaintiffs allege that this should be read to mean that LSL could only make changes to the bonus plan at the next fiscal year. (SAC ¶ 63).  However, Plaintiffs' proposed reading does not follow the plain and ordinary usage of the words "prior to."

Plaintiffs claim that the words "prior to the next fiscal year" in the bonus document should be interpreted to mean "not until the next fiscal year."  (SAC ¶ 63). Such an interpretation is contrary to the ordinary meaning of the words "prior to." Replacing the provision's technical language with ordinary language emphasizes how

plain this meaning.  A simplified version of the provision at issue would be: "LSL may look at and change the bonus programs before next year."  This lends itself to but one reasonable interpretation—that LSL has the ability to change its bonus plan ***any time*** it wants to ***before*** the next year, i.e., it does not have to wait until the next year.[1]

Thus, the plain language of the bonus plan provision on which Plaintiffs have based their breach of contract claim (Exhibit 1, page 2) renders only one reasonable construction: LSL could change the bonus plans at ***without waiting for the start*** of the next fiscal year.  LSL could not have committed any breach of contract by "changing the bonus structure mid-year instead of waiting until the end of the year," as Plaintiffs allege, because waiting until the end of the fiscal year was ***not*** dictated by the bonus plan attached to Plaintiffs' SAC.  As such, Plaintiffs' breach of contract claim should be dismissed.

**D.  Plaintiffs Ooten and Slemp Cannot State a Claim For Breach of Contract Because Their Employment Terminated Before the Allegedly Improper Bonus Plan Changes Were Implemented**

Even if the Court allows the breach of contract claim to stand in general, it should be dismissed as to Plaintiffs Ooten and Slemp as the allegations in the SAC make clear that they left their employment before the alleged breach took place.  As discussed above, the Plaintiffs allege that LSL attempted to make changes to a bonus plan in <u>March 2015</u>, and that it was these attempted changes which caused LSL to either fail to pay a bonus at

---

[1] Similar phrases outside of the contractual context further highlight the provision's plain meaning.  For example, the phrase "John has been approved to take a vacation prior to 2018" means plainly that John has the ability to take a vacation before 2018 and does not have to wait until 2018 to take the vacation.  Further, the phrase "Jane may use the conference room prior to lunch" means plainly that any time between now and lunch, Jane may use the conference room.

all or to pay the bonus at a lower level than would have been required under the pre-March 2015 structure.  (SAC ¶ 317-319).   However, for Plaintiffs Ooten and Slemp, any such changes would not have impacted them since, as alleged in the SAC, their employment terminated <u>before</u> this alleged change in bonus plans.   Ooten alleges her employment ended on January 2, 2015.  (SAC ¶ 107).   Slemp alleges his employment terminated in January 2014.   (SAC ¶ 136).   Because neither Ooten or Slemp were employed at the time the alleged breach took place, their breach of contract claims should be dismissed with prejudice.

## IV.   Plaintiff's Eighth Cause of Action for Quantum Meruit and Unjust Enrichment Fails as a Matter of Law

Plaintiff's quantum meruit/unjust enrichment claim based on failure to pay overtime is preempted by their FLSA claim for failure to pay overtime.  Where a plaintiff alleges state common law claims based on the same facts and circumstances as an FLSA claim, the state common law claims cannot stand.  *Johnston v. Davis Security, Inc.*, 217 F. Supp. 2d 1224, 1227–28 (D. Utah 2002); *Chytka v. Write Tree Serv., Inc.*, 925 F. Supp. 2d 1147, 1173 (D. Colo. 2013) (finding unjust enrichment claim to be preempted by the FLSA when the allegations supporting unjust enrichment was the non-payment of overtime); *Cruz v. Lawson Software, Inc.*, 764 F. Supp. 2d 1050, 1071 (D. Minn. 2011) (finding that the plaintiff's unjust enrichment claim was preempted by the FLSA because the plaintiff did not demonstrate that his claim was "based on anything other than unpaid overtime"); *Botello v. COI Telecom, LLC,* 2010 WL 3784202, at *4 (W.D. Tex. Sept. 21,

2010) (dismissing the plaintiff's claim for unjust enrichment as far as it related to "any claim of failure to pay minimum wages or overtime under the FLSA").

Alternatively, even if the state common law claims were not preempted by the FLSA, they should still be dismissed as merely duplicative of Plaintiffs' FLSA claims. *Johnston*, *supra,* 217 F. Supp. 2d at 1227–28.

## V.    Conclusion

WHEREFORE, Defendants request that the Court dismiss the First, Third, Seventh and Eighth causes of action in the SAC with prejudice, as they fail to state a claim upon which relief can be granted.

Respectfully submitted,

*s/ Mary P. Snyder*
Tanya S. Bryant, OBA #20170
Mary P. Snyder, OBA #31427
Gaylan Towle II, OBA #32884

CROWE & DUNLEVY
A Professional Corporation
Braniff Building
324 N. Robinson Ave., Suite 100
Oklahoma City, OK 73102
(405) 235-7700
(405) 239-6651 (Facsimile)
tanya.bryant@crowedunlevy.com
mary.snyder@crowedunlevy.com
gaylan.towle@crowedunlevy.com

ATTORNEYS FOR DEFENDANTS
LEGEND SENIOR LIVING, LLC AND TIM
BUCHANAN

## CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of May, 2017, I electronically transmitted the foregoing document to the Court Clerk using the EFC System for filing. The Court Clerk will transmit a Notice of Electronic Filing to the following EFC registrants:

Jacque Pearsall
JACQUE PEARSALL, PLLC
2548 NW Expressway, Suite 102
Oklahoma City, OK 73112
JacquePearsall@gmail.com

Scott F. Brockman
BROCKMAN LAW, PLLC
10601 S. Western, Suite 117
Oklahoma City, OK 73170
scott@brockmanlawpllc.com

Edward L. White
EDWARD L. WHITE, P.C.
829 E. 33rd Street
Edmond, OK 73013
ed@edwhitelaw.com

Kerry D. Green
EDWARD L. WHITE, P.C.
829 E. 33rd Street
Edmond, OK 73013
kerry@edwhitelaw.com

ATTORNEYS FOR PLAINTIFFS


*s/ Mary P. Snyder*
MARY P. SNYDER