## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| DEBRA WEAVER, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CIV-16-1230-R |
| | ) | |
| LEGEND SENIOR LIVING, LLC., | ) | |
| and TIM BUCHANAN, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Defendants Legend Senior Living, LLC and Tim Buchanan filed a Motion for Partial Dismissal of Plaintiff's Second Amended Complaint (Doc. No. 45), addressing Counts One, Three, Seven, and Eight. Plaintiffs responded in opposition to the motion. Having considered the parties' submissions, the Court finds as follows.

In this putative collective action under the Fair Labor Standards Act, Plaintiffs have created two groups. The first group, Plaintiffs Weaver, Dimit, Wieland, Ooten, Morrison, Kilgore, Slemp, Praytor, Harris-Hodges, Jones and Walker, allege they were "all originally properly characterized by Defendants as exempt status employees for the purposes of the Fair Labor Standards Act, but their exempt status was lost due to an improper deduction by Defendants from their paychecks." Second Amended Complaint, ¶ 1. Plaintiffs Townsend, Henderson, Nesbitt, Coover and Kbabra contend Defendants improperly treated them as exempt employees for purposes of overtime compensation under the FLSA when they were truly non-exempt.

In Count One, Plaintiffs, without specifically identifying which ones, allege they were entitled to non-discretionary bonuses as part of their compensation packages based on a pre-determined formula.[1] They contend that Defendants made improper deductions from their pay, because they were entitled to receive these bonus payments, which Defendants failed to make. As a result, Plaintiffs contend they are entitled to overtime compensation from October 2013 for any week in which they worked in excess of forty hours. Defendants seek dismissal of Count One, arguing that Plaintiffs' allegations fail to state a claim, because there were no deductions from their salary, merely unpaid bonuses that did not impact the payments Defendant made to Plaintiff for salary.

Under the FLSA, employees are either "exempt" or "nonexempt." Nonexempt employees are entitled to overtime pay at a rate of time and one-half of their regular rate of pay. Exempt employees are not entitled to overtime pay. A defendant employer bears the burden of establishing that an employee is exempt under the test enunciated by the Department of Labor. *Lederman v. Frontier Fire Protection, Inc.*, 685 F.3d 1151, 1157–58 (10th Cir.2012). Specifically the questions are how much an employee is paid, how they are paid, and what type of work the employee performs. Because establishing an employee's exempt status is an affirmative defense, and Defendant raises the issue via motion to dismiss, Defendants can only prevail if the facts establishing the affirmative defense are apparent on the face of the complaint. *See Miller v. Shell Oil Co.*, 345 F.2d

---

[1] It appears to the Court that Count One applies to the group that includes Plaintiff Weaver, while Count Two, which Defendants do not challenge, applies to the group that includes Plaintiff Townsend. Counts Three and Eight apply to both categories of Plaintiffs, and Plaintiffs specifically allege Count Seven on behalf of the group that includes Plaintiff Weaver.

891, 893 (10th Cir. 1965)("Under Rule 12(b), a defendant may raise an affirmative defense by a motion to dismiss for the failure to state a claim. If the defense appears plainly on the face of the complaint itself, the motion may be disposed of under this rule.").

Plaintiffs plead at the outset that they were properly characterized by Defendants as exempt employees, but that this status was lost as a result of improper deductions by Defendants.[2] The Court construes this as a challenge to Plaintiffs' salary basis, that is how Plaintiffs were paid. *See* 29 C.F.R. § 541.602(a) ("An employee will be considered to be paid on a 'salary basis' within the meaning of these regulations if the employee regularly receives each pay period on a weekly, or less frequent basis, a predetermined amount constituting all or part of the employee's compensation, which amount is not subject to reduction because of variations in the quality or quantity of the work performed."). Section 541.602(a) thereafter notes that an employee must receive the full salary for any week in which the employee performs work, subject to certain exceptions provided in (b). 29 C.F.R. § 541.603(a) provides that "[a]n employer who makes improper deductions from salary shall lose the exemption if the facts demonstrate that the employer did not intend to pay employees on a salary basis." Such deductions will result in loss of the exemption for the period of time in which improper deductions were made, for employees in the same job classification and working for the same managers who imposed the improper deductions. *Id.* at (b). Accordingly, in order for Defendants to prevail on the instant motion, it must be

---

[2] Plaintiffs in the Weaver category do not identify which exemption was initially proper for their particular position. Generally, an exemption requires a salary of not less than $455 per week, paid on a salary basis, and certain responsibilities on the part of the employee. *See* 29 C.F.R. § 541.100 (setting forth the rules for executive employees).

apparent from the face of the Second Amended Complaint that Plaintiffs were paid on a "salary basis."

The Court finds that Defendant is entitled to dismissal of Count One, because even accepting as true Plaintiffs' contention that they were deprived of non-discretionary bonus payments, the absence of such payments would not legally constitute improper deductions under § 541.603, which specifically refers to § 541.602(a). The failure to pay non-discretionary bonuses is not listed in § 541.602(a), which provides in addition to the above, that "[a]n employee is not paid on a salary basis if deductions from the employee's predetermined compensation are made for absences occasioned by the employer or by the operating requirements of the business. If the employee is ready, willing and able to work, deductions may not be made for time when work is not available." Section 541.602 is designed to separate those employees paid on a salary-basis from those paid more like hourly employees. Plaintiffs Weaver, Dimit, Wieland, Ooten, Morrison, Kilgore, Slemp, Praytor, Hodges-Harris, and Jones each allege they were paid a salary, and the allegation that bonuses were not paid does not fall within the parameters that their regular pay was reduced on the basis for the quantity or quality of work performed.[3] Although the issue of an employee's exempt status is an affirmative defense, the Court concludes that accepting Plaintiffs' allegations as true, the Second Amended Complaint establishes on its face that

---

[3] Plaintiffs allege they were entitled to the non-discretionary bonuses, which indicates that they actually earned the bonuses by meeting the criteria but that such monies were wrongfully withheld.

Plaintiffs were paid on a salary-basis despite the absence of certain bonus payments. As such, Defendants' motion to dismiss is granted with regard to Count One.[4]

In Count Three Plaintiffs assert the Oklahoma Protection of Labor Act ("OPLA") requires payment of overtime pay for weekly hours in excess of forty at the rate of one and one-half times the employee's regular rate of pay.  Second Amended Complaint ¶ 295. Plaintiffs contend Defendants are liable for the unpaid amounts pursuant to Okla. Stat. tit. 40 § 165.9. Defendants seek dismissal on the basis that the OPLA does not mandate overtime pay. The Court concurs with Defendants' position.

Although Plaintiffs attempt to distinguish *McKenzie v. Renberg's Inc.*, 94 F.3d 1478 (10th Cir. 1996), due to its context, the holding therein is relevant to the outcome of this case.

> The absence of any Oklahoma law on this subject is underscored by the fact that although the Oklahoma legislature has adopted the federal standards for minimum wages, *see* Okla. Stat. tit. 40 § 197.2 (making it unlawful for an employer in Oklahoma to "pay any employee a wage of less than the current federal minimum wage for all hours worked"), it has not adopted the FLSA standards governing maximum hours and overtime, *see* 29 U.S.C. § 207.

*Id.* at 1487, *see also Courtright v. Bd. of County Com'rs of Payne County, Ok*, 2008 WL 2446138, *3 (W.D.Okla. 2008)("Oklahoma law does not establish standards regarding the payment of overtime wages, except for certain employees engaged in the construction of public works. See Okla. Stat. tit. 40, § 196.3"). As noted by the Court in *Price v. Public Service Co. of Oklahoma*, 2014 WL 1217862 (N.D.Okla. Mar. 24, 2014), the Oklahoma

---

[4] Defendants' interpretation and the Court's conclusion is consistent with 29 C.F.R. § 541.604, which permits an employer to "provide an exempt employee with additional compensation without losing the exemption for violating the salary basis requirement, if the employment arrangement also includes a guarantee of at least the minimum weekly-required amount paid on a salary basis."

Department of Labor's Frequently Asked Questions addresses the issue. "Oklahoma has no state overtime laws." www.okgov/odol/documents/WHWageLawBooklet2016.pdf. Accordingly, the Court concurs with Defendants that Plaintiffs' Count Three should be dismissed.

In Count Seven, Plaintiffs Weaver, Dimit, Wieland, Ooten, Morrison, Kilgore, Slemp, Praytor, Hodges-Harris and Jones seek relief against Defendant Legend Senior Living, LLC, under a theory of breach of contract, addressing the March 2015 amendment to the method for calculating non-discretionary bonuses. Plaintiffs Ooten and Slemp did not respond to the individualized arguments presented against them by Defendant Legend. Accordingly, the Court considers the argument as conceded by Plaintiffs Ooten and Slemp with regard to the breach of contract claim, and thus the motion to dismiss is granted as to these two Plaintiffs. The Court construes the claim as alleging that implementation of new bonus guidelines in March 2015 was a breach of contract.[5]

The Court finds that Plaintiffs have sufficiently stated a claim for breach of contract by virtue of reference to the offer letter and the attached bonus structure, both attached to the Second Amended Complaint. The Court makes no findings as to Plaintiffs' ultimate ability to prove either the existence of a binding contract or the breach thereof, however, in accordance with the Federal Rules of Civil Procedure and Supreme Court precedent, Plaintiffs have sufficiently alleged that the offer constituted a contract, one term of which

---

[5] The Court does not construe the allegations in the Second Amended Complaint as alleging a retroactively applied formulation. Rather, Plaintiffs allege that after March 2015, higher thresholds were implemented by Defendant for certain bonuses.

limited Defendant's right to modify the bonus compensation plan, but that Defendant nevertheless made changes thereto.[6]

Finally, in Count Eight, Plaintiffs assert a claim for quantum meruit/unjust enrichment premised on Defendants' alleged failure to pay them overtime compensation in accordance with the terms of the FLSA. The Court having determined that Defendants are entitled to dismissal of the FLSA claims of the Weaver Plaintiffs concludes that dismissal of their claims for quantum meruit and unjust enrichment is proper. With regard to the Townsend group of Plaintiffs, those who contend they were erroneously categorized as exempt throughout their employment, their claims fall clearly within the scope of the FLSA, and therefore, equitable relief is unnecessary.

Unjust enrichment "is a recognized ground for recovery in Oklahoma," *N.C. Corff P'ship, Ltd. v. OXY USA, Inc.*, 929 P.2d 288, 295 (Okla. Civ. App. 1996), and "results from the failure of a party to make restitution in circumstances where it is inequitable." *Harvell v. Goodyear Tire & Rubber Co.*, 164 P.3d 1028, 1035 (Okla. 2006). "Under Oklahoma law, a party may only recover under this theory by showing 'enrichment to another coupled with a resulting injustice.'" *Cty. Line Inv. Co. v. Tinney*, 933 F.2d 1508, 1518 (10th Cir. 1991) (quoting *Teel v. Public Serv. Co.*, 767 P.2d 391, 398 (Okla. 1985)). As an equitable claim, unjust enrichment generally is unavailable where the plaintiff has an adequate

---

[6] The Court acknowledges the language of the offer stating:

In accepting our offer of employment, you certify your understanding that your employment will be on an at-will basis and that neither you nor any Company representatives have entered into a contract regarding the terms or the duration of your employment" Second Amended Complaint, Ex. 1. The 2010 bonus provision at issue states, "Legend Senior Living reserves the right to review and make alterations to the bonus programs prior to the next fiscal year."

remedy at law, *Harvell*, 164 P.3d at 1035, such as "when an enforceable express contract regulates the relations of the parties with respect to the disputed issue," *Member Servs. Life Ins. Co. v. Am. Nat. Bank & Trust Co. of Sapulpa*, 130 F.3d 950, 957 (10th Cir. 1997). The quantum meruit/unjust enrichment claims are duplicative of these Plaintiffs' FLSA overtime claims, and accordingly, dismissal is appropriate. *See Tommey v. Computer Sciences Corp.*, No. 11-cv2214-EFM-GLR, 2013 WL 1000659 (D.Kan Mar. 13, 2013)(dismissing unjust enrichment claim as duplicative of FLSA). The quantum meruit claim is simply inapplicable in the FLSA context, as it is a common law doctrine that when "a person performs services without a written contract, the law implies an agreement to pay what is reasonable. . . ." *Brown v Wrightsman*, 51 P.2d 761, 763 (Okla. 1935). Plaintiffs were either non-exempt and entitled to additional compensation under the FLSA or exempt and not entitled to additional amounts. There are no allegations with regard to overtime compensation that a contract existed between the parties.

In response to the motion to dismiss Plaintiffs attempt to re-characterize their Count Eight as an equitable alternative to their breach of contract claim. Count Eight, however, references Plaintiffs alleged entitlement to overtime compensation and contains no reference to the failure to pay bonuses based on the pre-March 2015 terms, which forms the basis of Plaintiffs' breach of contract claim.[7]

For the reasons set forth herein, Defendants' Motion for Partial Dismissal (Doc. No. 45) is hereby GRANTED IN PART AND DENIED IN PART AS SET FORTH HEREIN.

---

[7] For example, the final paragraph of Count Eight states, "[t]he reasonable amount charged for the services would be determined by the hourly rate at time and a half, multiplied by the hours worked and not paid for, for those weeks when Plaintiffs worked greater than forty hours." Second Amended Complaint, ¶ 323.

IT IS SO ORDERED this 20th day of July 2017.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE